IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-01404-RMR

TWIN STAR ENERGY, LLC,

  Plaintiff,

v.

COBBLESTONE DENVER PROPCO, LLC,

  Defendant.

---

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

---

Before the Court is Plaintiff Twin Star Energy, LLC's ("Plaintiff" or "Twin Star") Response to Second Order to Show Cause, ECF 23. For the reasons stated below, the Court finds that it lacks subject matter jurisdiction. The Court therefore dismisses this action in its entirety and denies all other relief as moot.

## I.    BACKGROUND

Plaintiff initiated this civil action against Defendant Cobblestone Denver PropCo, LLC ("Defendant" or "CDP") on June 2, 2023. ECF 1. Plaintiff seeks to prevent Defendant from constructing a competing car wash on a parcel adjacent to Plaintiff's business, alleging that the construction violates relevant zoning ordinances and Plaintiff's property rights. *See id*.; ECF 23 at 1. On June 6, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction, noting that "Plaintiff's Complaint is insufficient to establish the citizenship of the parties." ECF 12.

Case No. 1:23-cv-01404-RMR   Document 28   filed 07/06/23   USDC Colorado   pg 2 of 6
Plaintiff responded to the First Order to Show Cause on June 20, 2023. ECF 14. In its response, Plaintiff asserted that Twin Star is a Colorado LLC and "through various intermediate LLCs" its "two ultimate members . . . are citizens of Colorado." ECF 14 at 4; ECF 14-1 at 1. The Court concluded that these allegations were still insufficient to establish Plaintiff's citizenship and issued a Second Order to Show Cause on June 26, 2023. ECF 18. In the Second Order to Show Cause, the Court advised Plaintiff that "[a]s the proponent of federal jurisdiction, Plaintiff must specifically identify and state the citizenship of each member of each unincorporated association" whose citizenship is attributed to Plaintiff. *Id*. Because Plaintiff had not done so, the Court ordered Plaintiff to again show cause why this case should not be dismissed for lack of subject matter jurisdiction. *Id*.

On June 28, 2023, Plaintiff filed its Response to the Second Order to Show Cause, along with an amended Rule 7.1 disclosure statement, identifying the names and citizenship of each individual and entity whose citizenship is attributed to Plaintiff. *See* ECF 23 at 2–3; ECF 23-1. Plaintiff maintains that complete diversity exists because it is a citizen of Colorado, and "Cobblestone does not have any members or owners based in Colorado." ECF 23 at 3; *see also* ECF 14 at 2–3. Plaintiff further asserts that, irrespective of diversity jurisdiction, the Court should exercise ancillary jurisdiction over this action because it is related to another case pending in this district, *Twin Star Energy LLC v. City of Castle Pines, et al.*, No. 1:21-cv-01451-GPG-NRN, in which Plaintiff is appealing the zoning approval for the car wash at issue. ECF 23 at 3–6; *see also* ECF 14 at 6–8. The Court addresses each argument in turn.

2

## II.      ANALYSIS

"A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction," even if doing so requires sua sponte action. *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petrol. Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

### A.      Diversity Jurisdiction

Plaintiff first alleges diversity jurisdiction under 28 U.S.C. § 1332(a). *See, e.g.*, ECF 23 at 2–3. It is well-established that diversity jurisdiction requires complete diversity—meaning that no defendant is a citizen of the same state as any plaintiff. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs."). Here, both Twin Energy and CDP are limited liability companies. LLCs are treated as citizens of every state in which their members reside. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). If their members are likewise LLCs or other unincorporated entities, the Court must "drill[] down" through those member entities until it reaches a natural person or a corporation and then judge the citizenship of the LLC according to all the

3

natural persons or corporations that ultimately comprise the LLC. *Giroux v. Heartland Tech. Partners, LLC*, No. 13–cv–00939–RBJ, 2013 WL 5477612, at *1 (D. Colo. Oct. 1, 2013).

Plaintiff alleges that complete diversity exists because it is a citizen of Colorado, and "Cobblestone does not have any members or owners based in Colorado." ECF 23 at 3. The Court finds that Plaintiff's response to the Second Order to Show Cause and its amended disclosure statement provide sufficient specificity regarding Twin Energy's own Colorado citizenship. However, *Defendant's* Rule 7.1 disclosure statement indicates that at least one member of the entities that ultimately comprise CDP appears to be a citizen of Colorado. *See* ECF 27 at 2, ¶ 11. Colorado citizens thus seemingly exist on both sides of the "v" in this case. As a result, the Court is not satisfied that the jurisdictional prerequisites of 28 U.S.C. § 1332(a) have been met and concludes that it lacks subject matter jurisdiction on this basis.

**B.    Ancillary Jurisdiction**

Plaintiff secondarily argues that, even if diversity jurisdiction is unavailable, the Court should exercise ancillary jurisdiction over this matter because it is necessary to "protect the integrity of the Court's decision" in Twin Star's related action challenging the underlying zoning approval and seeking to enjoin CDP's predecessor-in-interest from operating the competing car wash. ECF 23 at 6.

Ancillary jurisdiction flows from the idea that "a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as

a tribunal." 13 Charles Alan Wright et al., Federal Practice & Procedure § 3523.2 (3d ed.).

"Thus, if a federal court had jurisdiction of the principal action, it may hear an ancillary

proceeding, regardless of the citizenship of the parties, the amount in controversy, or any

other factor that normally would determine subject matter jurisdiction." *Id*. Ancillary

jurisdiction, however, "has rather uncertain limits," *id*., and this Court is far from persuaded

that the instant case falls within those limits.

Contrary to Plaintiff's representations, Plaintiff's appeal of the municipal zoning

decisions does not "remain pending in this Court." ECF 23 at 1. On June 20, 2023, Judge

Gallagher issued an order dismissing Plaintiff's federal law claims and remanding the

remaining state law claims to the Douglas County District Court for lack of subject matter

jurisdiction. *See Twin Star Energy LLC v. City of Castle Pines, et al.*, No. 1:21-cv-01451-

GPG-NRN, ECF 91 at 13. Plaintiff asks this Court to exercise ancillary jurisdiction "[t]o

protect the integrity of the Court's decision in [the related] matter," ECF 23 at 6—but the

only decision made in that matter was that Plaintiff's related claims do not belong in

federal court. Put differently, the relief sought by Plaintiff in the present case against CDP

is not "necessarily tied to vindicating the relief already ordered in the principal action,"

*Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1322 (10th Cir. 2022), because *no relief

has been ordered* in that action. Exercising ancillary jurisdiction over the instant matter—

which raises only state-law claims and centers on the validity of a municipal zoning

decision that is currently under appeal in state court pursuant to state procedural rules—

is neither appropriate nor warranted under these circumstances.[1] The Court therefore concludes that Plaintiff's claims fall outside the scope of the Court's ancillary jurisdiction. *Cf. Atlas Biologicals*, 50 F.4th at 1322 ("[T]his is the very sort of proceeding that would allow the district court to decide the entire case and assure that its judgments are followed—*viz.*, the type of case that fits nicely and properly within the compass of ancillary enforcement jurisdiction.").

### III.   CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1.  This case is DISMISSED without prejudice for lack of subject matter jurisdiction;

2.  Plaintiff's Motion for Preliminary Injunction, ECF 6, is DENIED AS MOOT;

3.  Defendant's Unopposed Motion for Order to File Disclosure Statement Under Seal, ECF 26, is DENIED AS MOOT. For good cause shown, the Clerk of the Court is DIRECTED to maintain a Level 1 restriction as to ECF 27; and

4.  The Clerk of the Court is further DIRECTED to terminate this case.

DATED:  July 6, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[1] Indeed, Plaintiff itself recognizes that "[s]hould Twin Star be forced to pursue its claims against Cobblestone in a different forum, there is the possibility that different courts could issue inconsistent rulings on overlapping issues." ECF 23 at 4.